IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-mc-00190-CMA

SECURITIES AND EXCHANGE COMMISSION,

    Applicant,

v.

HARMAN WRIGHT GROUP, LLC,
TYTUS W. HARKINS, and
JASON M. WHITE,

    Respondents.

---

**ORDER COMPELLING COMPLIANCE WITH ADMINISTRATIVE SUBPOENA**
_____

This matter is before the Court on Applicant Securities and Exchange Commission's ("SEC") Ex Parte Application for Order to Show Cause and for Order Compelling Compliance with Administrative Subpoena. (Doc. # 1.) In response, Respondents have filed a "Brief in Opposition" (Doc. # 9) as well as a motion to vacate the show cause hearing and to dismiss Applicant's motion (Doc. # 8). For the reasons set forth below, Applicant's motion is granted in so far as it seeks to compel Respondents to comply with its administrative subpoenas.

## I.    BACKGROUND

Respondent Harman Wright Group, LLC ("HWG") is a Colorado limited liability corporation headquartered and operated in Colorado Springs, Colorado. (Doc. # 1 at 2.) HWG "represents itself as a private wealth management company whose focus is on

purchasing mobile home parks, refurbishing them, and operating them at a profit." (*Id.*) Respondent Tytus Harkins is a founding principal of HWG, and he is the Director of Finance and Fund Management. Respondent Jason White is also a founding principal of HWG, and he is the Director of Acquisitions. (*Id.*)

On April 17, 2017, the SEC initiated an investigation into HWG that sought to determine "whether the anti-fraud provisions of the federal securities laws have been or are being violated by any persons or entities, including HWG and its executive officers, Harkins and White." (*Id.*) Specifically, the investigation pertains to various HWG investors—most of whom are retirees—who made investments of approximately $13 million in the company "based upon misleading information and exaggerated claims, and who stand to lose much of their savings." (*Id.*) In furtherance of its investigation, the SEC issued several subpoenas, which are the basis of the instant action.

On July 18, 2017, the SEC served a subpoena for documents on HWG. (*Id.*) Although HWG initially complied with the subpoena by providing various documents, it eventually stopped. On July 27, 2018, Respondent Harkens informed the SEC that "compliance with any requests by the SEC [was] hereby suspended involving [HWG], myself and any of my unemployed former personnel." (*Id.*)

Subsequently, on August 28, 2018, the SEC served Respondent Harkins with a subpoena requiring him to appear for testimony on September 12, 2018. (Doc. # 1-4 at 85.) The SEC is "seeking testimony from Harkins so he can explain his role in HWG's offerings, his knowledge of information communicated to investors about the offerings,

and how HWG used proceeds from the various offerings." (Doc. # 1 at 4.) However, Respondent Harkins did not appear for his testimony.

Similarly, the SEC also served a subpoena on Respondent White on August 28, 2018, requiring him to appear for testimony on September 13, 2018. (Doc. # 1-4 at 109.) As with Respondent Harkins, the SEC is "seeking testimony from White so he can explain his role in HWG's offerings, his knowledge of information communicated to investors about the offerings, how HWG used proceeds from the various offerings, and HWG's business operations." (Doc. # 1 at 4.) However, despite initially indicating a willingness to comply, Respondent White sought to reschedule his testimony but would not commit to a date and eventually asked the SEC to cease communications with him. (*Id.*)

As a result, the SEC sought judicial enforcement of the relevant subpoenas and initiated the instant action. On October 3, 2018 this Court granted the SEC's Application for an Order to Show Cause and set a hearing at which Respondents were directed to show cause why an Order Compelling Compliance with Administrative Subpoena should not be granted. (Doc. # 3 at 1–2.) In response, Respondents filed a brief arguing that they have substantially complied with the SEC's investigation and should not be forced to appear at the Show Cause hearing. (Doc. # 9.) Respondents also indicated that they "would not state any further facts at the show cause hearing and therefore request[] the court consider this brief a response to the Order to Show Cause." (*Id.* at 7.)

## II. ANALYSIS

Federal securities law authorizes the SEC to seek an order from this Court requiring compliance with a subpoena in a summary proceeding. *See* 15 U.S.C. § 78u(e); Fed. R. Civ. P. 81(a)(5); *see also SEC v. McCarthy*, 322 F.3d 650, 658 (9th Cir. 2003) (noting that summary proceedings are appropriate for SEC subpoena enforcement actions); *SEC v. Sprecher*, 594 F.2d 317, 319-20 (2d Cir. 1979) (same). Further, a prompt ruling on the SEC's application is warranted to avoid further delay in the investigation. *SEC v. First Sec. Bank*, 447 F.2d 166, 168 (10th Cir. 1971) ("Questions concerning agency subpoenas should be promptly determined so that the subpoenas, if valid, may be speedily enforced"); *see also SEC v. Lavin*, 111 F.3d 921, 926 (D.C. Cir. 1997) (noting that subpoena enforcement actions "are generally summary in nature and must be expedited.").

Courts enforce administrative agency investigative subpoenas if (1) the agency's "investigation will be conducted pursuant to a legitimate purpose," (2) the subpoena seeks information that "may be relevant to the purpose," (3) "the information sought is not already within the [agency's] possession," and (4) all "administrative steps required . . . have been followed." *United States v. Powell*, 379 U.S. 48, 57-58 (1964) (enforcing IRS subpoena); *see also RNR Enter., Inc. v. SEC*, 122 F.3d 93, 96 (2d Cir. 1997) (*Powell* test applied to SEC subpoenas); *Application to Enforce Administrative Subpoenas Duces Tecum of SEC v. Knowles*, 87 F.3d 413, 415 (10th Cir. 1996) (same). The government's burden in meeting this test is a "slight one," and "'[t]he requisite showing is generally made by affidavit of the agent who issued the summons

and who is seeking enforcement.'" *United States v. Balanced Fin. Mgmt., Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985) (quoting *United States. v. Garden State Nat'l Bank*, 607 F.2d 61, 68 (3d Cir.1979)). In this case, the SEC has met all four requirements.

First, the inquiry is being conducted pursuant to a legitimate purpose. "Congress has vested the [SEC] with broad authority to conduct investigations into possible violations of the federal securities laws and to demand production of evidence relevant to such investigations." *SEC v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 741 (1984). Additionally, the SEC authorized this investigation by issuing a Formal Order on April 17, 2017, to investigate possible violations of federal securities laws. (Doc. # 1-1 at 1.)

Second, the information sought by the SEC subpoenas relate to the business of HWG and investments in that business. Accordingly, the information is clearly relevant to the SEC's investigation into whether HWG's business practices have violated federal law. Moreover, the 10th Circuit has held that "[a]dministrative agencies vested with investigatory power have broad discretion to require the disclosure of information concerning matters within their jurisdiction." *Philips Petroleum Co. v. Lujan*, 951 F.2d 257, 260 (10th Cir. 1991). As a result, relevance is established when the information sought is not "plainly incompetent or irrelevant to any lawful purpose." *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943). In the instant case, the information sought is neither irrelevant nor intended for an unlawful purpose.

Third, the information is not in the SEC's possession. The documents the SEC seeks from HWG are internal HWG communications, which are not possible to obtain from other sources. Although Respondents argue that the SEC already has the

information it needs to finish its investigation (Doc. # 9 at 5), "the remaining unproduced documents are internal communications about Respondents' offerings that go to the heart of scienter, and may also identify or rule out other potential witnesses and parties possibly involved in securities law violations" (Doc. # 10 at 4). Therefore, the information would materially facilitate the SEC's investigation because it would establish whether further investigation is, or is not, necessary. Similarly, evidence of Respondents Harkins and White's undisclosed personal knowledge cannot be obtained from any other source.

Finally, the SEC has demonstrated that it has satisfied all relevant administrative prerequisites. Federal securities law authorizes the SEC to designate officers to, *inter alia*, subpoena witnesses, compel their attendance, take evidence, and require the production of any books, papers, or other documents which the SEC deems relevant or material to its investigation. 15 U.S.C. § 77s(c); 15 U.S.C. § 78u(b). A Formal Order designating officers to conduct this investigation was authorized by the SEC on April 17, 2017. (Doc. # 1-1 at 1.) Additionally, the subpoenas at issue were signed by an attorney designated as an officer of the SEC for purposes of this investigation and served on Respondents HWG, Harkins, and White. (Doc. # 1-1 at 3, 6, 7.) Accordingly, the SEC has met all administrative requirements related to the issuance and service of the subpoenas.

Moreover, in this Court's order granting the SEC's application for an order to show cause, the Court indicated that Respondents were required to file a timely response to the SEC's motion. (Doc. # 3 at 2.) Additionally, the Court advised that if "a

response is not filed within the prescribed time, the Court may treat the Application as conceded." (*Id.*) After this Court granted Respondents an extension of time to respond (Doc. # 6), Respondents still failed to enter a timely submission. Respondent's response was due on 11/13/2018. (*Id.*) However, Respondents did not submit any filings until 11/15/2018. Therefore, in light of Respondents' untimely response and the evidence submitted by the SEC, this Court finds that Respondents should be compelled to comply with the administrative subpoenas.

### III.  CONCLUSION

Based on the foregoing, it is ORDERED that the Securities and Exchange Commission's Ex Parte Application for Order to Show Cause and for Order Compelling Compliance with Administrative Subpoena (Doc. # 1) is GRANTED. Respondents are hereby compelled to comply with the administrative subpoenas in accordance with the Securities and Exchange Commission's Application. It is

FURTHER ORDERED that Respondents' Motion to Vacate Show Cause Hearing and Motion to Dismiss Ex Parte Application for Order to Show Cause and for Order Compelling Compliance with Administrative Subpoena (Doc. # 8) are DENIED AS MOOT. It is

FURTHER ORDERED that the Show Cause Hearing on 11/28/2018 at 9:00 is VACATED in light of this Court's ruling.

DATED: November 21, 2018

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge